IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

OFFIT KURMAN, P.A.
8171 Maple Lawn Blvd. #200
Fulton, Maryland 20759

 Plaintiff,

v.         CIVIL NO. 13-C-14-97699

ROBERT HALF INTERNATIONAL, INC.

<u>Serve Resident Agent</u>:
The Corporation Trust Incorporated
351 West Camden Street
Baltimore, MD 21201

 Defendant

## COMPLAINT AND JURY DEMAND

Plaintiff, OFFIT KURMAN, P.A., ("OK") by and through undersigned counsel, sues Defendant ROBERT HALF INTERNATIONAL, INC., ("RHI") and in support of this Complaint states:

### PARTIES

1. OK is a Maryland professional association, with offices in Fulton, Maryland, among other locations.

2. RHI is a Delaware corporation which operates as a placement, recruitment, and staffing company which, among other things, specializes in the placement of attorneys and other persons in the legal field in employment positions with law firms and with other entities.



## JURISDICTION AND RELATED FACTS

3. RHI transacts business in the State of Maryland on a regular, systematic, and continuous basis, and is registered to do business in Maryland with the State Department of Assessments and Taxation.

4. This Court holds jurisdiction over RHI pursuant to Maryland Code, Courts & Judicial Proceedings §6-103, because RHI transacts business and does work in the state, and contracts to supply services in the State of Maryland. Through its contacts within the State of Maryland, it caused injury to Plaintiff in the State of Maryland, and, in particular, in Howard County, Maryland, which is the location where negotiations relevant to this matter occurred. Moreover, jurisdiction is proper in the Circuit Court because OK has suffered damages in excess of $30,000.00.

## VENUE

5. Pursuant to Maryland Code, Courts & Judicial Proceedings §§6-201 and 6-202, Howard County, Maryland is the appropriate venue for this action because the cause of action stated in this Complaint arose out of RHI's transactions within Howard County, Maryland, including visits to OK's office in Howard County, Maryland by RHI personnel.

## FACTS

6. In late 2011, OK sought to retain RHI to assist OK in locating/recruiting attorneys to work for OK.

7. In furtherance of OK's desire to retain RHI to conduct a candidate search, on or about December 15, 2011 OK and RHI entered an Agreement (the "2011 Agreement").

8. Among other things, under the terms of the 2011 Agreement, RHI and OK developed the criteria (the "Position Profile") that OK would require in any candidate.

9. The Position Profile that OK established for the candidate that it desired was a candidate with a certain minimal level of portable business. OK would then scale the candidate's compensation according to the candidate's portable business.

10. Under the 2011 Agreement, OK agreed to pay RHI a retainer (the "Retainer") of Fifty Thousand Dollars ($50,000.00), in three installments, and, in return, RHI would conduct the candidate search.

11. OK fully paid the Retainer to RHI.

12. Also, pursuant to the 2011 Agreement, OK agreed to pay RHI an additional sum equal to 25% of the base salary that OK paid any candidate that OK hired which RHI had presented to OK.

13. The 2011 Agreement states that RHI aspired to introduce a candidate to OK within three (3) months (the "Search Project"), but that it would continue the Search Project for an additional three (3) months beyond the initial term if needed.

14. The 2011 Agreement states that any further extension of the Search Project beyond a total of six months would occur following mutual written agreement.

15. The 2011 Agreement contains a "Guarantee," which states:

Guarantee

If the executive that RHI ES places with Client ceases to be employed by Client or any of its affiliated companies for any reason except disability, death, company reorganization, organizational realignment, or change of reporting relationship within 180 days of his or her start date, RHI ES agrees, at Client's request, to search for a replacement to fill the original position at no additional fee to Client (except for payment by Client of direct expenses incurred (as referenced above) in seeking the replacement), provided the Retainer fee, administrative fee, direct expenses, and any reconciliation fee for the initial search were paid as provided in this Agreement and there is no material change to the original Position Profile.

16. In 2012, RHI introduced OK to a candidate, who, in order to protect his privacy, shall be referred to for purposes of this Complaint as "Jack."

17. RHI represented to OK that Jack had $800,000.00 in portable business.

18. Because of RHI's representations to OK regarding Jack's amount of portable business, OK hired Jack at a salary of $300,000.00 and, consistent with the terms of the 2011 Agreement, paid RHI a contingent fee of $75,000.00.

19. As Jack's tenure at OK progressed, OK became aware that Jack did not have the $800,000.00 as RHI had represented to OK.

20. OK notified RHI that Jack lacked the level of portable business that RHI had represented.

21. Upon information and belief, RHI did not conduct any due diligence into Jack's level of portable business, notwithstanding the fact that OK had a specified level of portable business as a criterion in the Position Profile that it developed with RHI.

22. Under the circumstances, OK found it necessary to change Jack's pay plan to one that was without a base salary and which was based solely based upon Jack's originated business and his production (billable/billed hours) work.

23. OK expressed its concerns regarding Jack's portable work to RHI, and in return, RHI indicated that it would agree to negotiate a compromise with OK to try to ameliorate OK's dissatisfaction with Jack's portable business.

24. After some negotiations, RHI and OK entered an Agreement (the "June 10, 2013 Agreement"), under which RHI would conduct a replacement search (the "Replacement Search") for the sum of $50,000, and would credit $37,500 which OK had already paid to RHI because of Jack's placement. Also, OK would pay RHI greater of: (i) $12,500 (*i.e.*, the balance of

$50,000.00 less the $37,500.00 credit) or (ii) 25% of the salary offered to the candidate, due and payable upon acceptance of a candidate from the "Replacement Search."

25. The June 10, 2013 Agreement caused OK to forbear on actions to vindicate its legal rights arising from the damages it suffered because of RHI's actions and inactions, described above. Moreover, OK relied on the June 10, 2013 Agreement to continue to employ Jack.

26. Also, the June 10, 2013 Agreement extended the period through which RHI would guarantee its placement of Jack with OK to December 1, 2013.

27. The June 10, 2013 Agreement does not contain a release of OK's claims against RHI.

28. RHI began the Replacement Search process, and scheduled several status calls with OK management personnel which were to occur during the Replacement Search.

29. Suddenly, and without any legal justification, RHI terminated its efforts to conduct the Replacement Search, in breach of the parties' June 10, 2013 Agreement.

30. OK suffered damages as a result of RHI's above-described conduct, including its representations and its breach of the June 10, 2013 Agreement.

31. OK has notified RHI of its breach of contract and duty, and made demand upon RHI for OK's damages, which RHI has refused to pay.

32. OK has satisfied all conditions precedent to filing this action, to the extent that any exist.

33. OK seeks damages on its claims, cumulatively, not to exceed $75,000.00.

## COUNT I
### (Breach of Contract)

34. All previous paragraphs are incorporated by reference into this Count as if fully stated herein.

35. RHI and OK entered the June 10, 2013 agreement which obligated RHI to conduct the Replacement Search to completion.

36. Although RHI started the Replacement Search, refused to complete the Replacement Search, abandoning whatever efforts, if any, it made at performing the Replacement Search, and thereby caused monetary damage to OK.

WHEREFORE, Offit Kurman prays that this Honorable Court enter judgment for Offit Kurman, award it damages not in excess of $75,000.00, and award it all such additional relief that this Court deems just and appropriate.

## COUNT II
### (Negligence)

37. All previous paragraphs are incorporated by reference into this Count as if fully stated herein.

38. RHI is a professional recruiting service that specializes in, among other things, legal staffing, including placement of attorneys in law firms.

39. After being retained, RHI owed OK a duty to exercise due care in selecting, presenting, and placing attorneys for employment with OK.

40. RHI breached the duty of care that it owed to OK when it selected and placed Jack for employment with OK, but failed to competently screen Jack's level of portable business, which was a central responsibility that OK expressly delegated to RHI.

41. RHI's breaches of the duty of care caused OK to suffer injuries, including payment of a commission to RHI, and payment of a salary and other benefits to Jack, which, based upon Jack's portable business, far exceeded his actual monetary value to the firm.

42. Because of RHI's negligence, OK has suffered monetary damages.

WHEREFORE, Offit Kurman prays that this Honorable Court enter judgment for Offit Kurman, award it damages not in excess of $75,000.00, and award it all such additional relief that this Court deems just and appropriate.

## COUNT III
(Negligence - Breach of Fiduciary Duty)

43. All previous paragraphs are incorporated by reference into this Count as if fully stated herein.

44. RHI holds itself out as having unique and specialized skills, experience and knowledge in placing attorneys for employment with law firms.

45. OK reposed its trust in RHI when it retained RHI to conduct the Search Project and when RHI advanced Jack as an attorney candidate for employment with OK. OK relied on RHI and its unique and specialized knowledge and skill in the legal recruiting and placement field to present a worthy candidate that in fact had an $800,000.00 portable book of business to bring to OK.

46. Because OK entered a confidential relationship with RHI, RHI owed OK the duty to act in OK's interest in screening and selecting Jack as a candidate.

47. RHI's advancement of Jack, without adequate screening and with the representation that Jack had $800,000.00 in portable business breached the trust that OK reposed in RHI and breached the fiduciary duty it owed to OK. OK also relied on RHI to fulfill its

obligations under the June 10, 2013 agreement to rectify RHI's past breaches of fiduciary duty; but RHI did not do so, further breaching its duties to OK.

48. OK was harmed by RHI's breaches of fiduciary duty. Because of RHI's negligence with respect to Jack, OK has suffered monetary damages including payment of a commission to RHI, and payment of a salary and other benefits to Jack based upon RHI's misrepresentation of Jack's level of portable business.

WHEREFORE, Offit Kurman prays that this Honorable Court enter judgment for Offit Kurman, award it damages not in excess of $75,000.00, and award it all such additional relief that this Court deems just and appropriate.

## COUNT IV
(Breach of Contract- Breach of Fiduciary Duty)

49. All previous paragraphs are incorporated by reference into this Count as if fully stated herein.

50. RHI holds itself out as having unique and specialized skills, experience and knowledge in placing attorneys for employment with law firms.

51. OK signed the 2011 agreement with RHI which contained RHI's guarantee of the candidate placement, which it modified and extended under the June 10, 2013 Agreement, which RHI abandoned.

52. OK reposed its trust in RHI when RHI advanced Jack as an attorney candidate for employment with OK, and relied on RHI and its unique and specialized knowledge and skill in the legal recruiting and placement field to find it a candidate that in fact had a portable book of business to bring to OK.

53. Because OK entered a confidential relationship with RHI, RHI owed OK the duty to act solely in OK's interest in screening and selecting Jack as a candidate, but RHI did not do

so. Instead, it passed on a candidate based upon its misrepresentations about his portable business, and directly benefited itself from those representations when it was paid a contingency fee.

54. OK was harmed by RHI's breach of fiduciary duty. Because of RHI's negligence with respect to Jack, OK has suffered foreseeable damages, including payment of a commission to RHI, and payment of a salary and other benefits to Jack.

WHEREFORE, Offit Kurman prays that this Honorable Court enter judgment for Offit Kurman, award it damages not in excess of $75,000.00, and award it all such additional relief that this Court deems just and appropriate.

## COUNT V
(Negligent Misrepresentation)

55. All previous paragraphs are incorporated by reference into this Count as if fully stated herein.

56. RHI owed OK a duty of care to make accurate representations about the attorneys that RHI would place with OK.

57. RHI's representations that it had screened Jack, and that Jack had $800,000.00 in portable business were incorrect. Either RHI's screening was not done, or it was so slipshod that it failed to generate any accurate information.

58. RHI knew that OK would rely on RHI's representations that it had screened Jack, that he was a worthy candidate for employment and that Jack had $800,000.00 in portable business because the level of portable business that a candidate has is a relevant factor to law firm hiring determinations, and because OK expressly advised RHI that the level of portable business was an important consideration for it.

59. In reliance on RHI's representations about its screening of Jack and about Jack's level of portable business, OK hired Jack.

60. OK was injured by RHI's negligent misrepresentations. Because of RHI's negligent misrepresentations, OK has suffered monetary damages, including payment of a commission to RHI, and payment of a salary and other benefits to Jack.

WHEREFORE, Offit Kurman prays that this Honorable Court enter judgment for Offit Kurman, award it damages not in excess of $75,000.00, and award it all such additional relief that this Court deems just and appropriate.

Respectfully submitted,

_____
Eric Pelletier
Offit Kurman, P.A.
4800 Montgomery Lane, 9th Floor
Bethesda, Maryland 20184
(240) 507-1739
(240) 507-1735 (fax)
epelletier@offitkurman.com

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

_____
Eric Pelletier

4842-1400-2808, v. 2